IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

ERIC STOER,

    Plaintiff,

v.                                        Case No.: GJH-17-3203

VW CREDIT, INC., *et al*,

    Defendants.

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

In this suit, Plaintiff Eric Stoer has sued Defendants VW Credit, Inc. and Volkswagen Group of America, Inc. (collectively "VW" or "Defendants"), alleging a violation of the Fair Credit Reporting Act ("FRCA"), 15 U.S.C. §§ 1681 *et seq*. (Count I), and state-law defamation (Count II). ECF No. 11. Now pending before the Court is VW's Motion to Dismiss Plaintiff's Amended Complaint.[1] ECF No. 12. No hearing is necessary. See Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendant's Motion is granted.

**I.    BACKGROUND[2]**

This dispute arises from the financing agreement that Plaintiff entered into with VW to pay for a 2014 Passat Sedan. ECF No. 11 at 1.[3] In 2013, Plaintiff co-signed a financing agreement with his daughter to purchase a 2014 Passat Sedan for her. *Id.* ¶ 1. Plaintiff made timely payments pursuant to the agreement from 2013 to December 2016. *Id.* In December 2016,

---

[1] While VW's Motion is not titled as such, it is in fact a Partial Motion to Dismiss, as VW seeks to dismiss only Count II, Plaintiff's defamation claim. VW explains that it "intend[s] to answer Plaintiff's FCRA claim once the Court rules on this motion." ECF No. 12-1 at 1 n.2.
[2] Unless otherwise stated, the background facts are taken from Plaintiff's Amended Complaint, ECF No. 11, and are presumed to be true.
[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

1

with an outstanding loan balance of $14,386.69, VW contacted Plaintiff with an offer to buy back the vehicle for $30,016.73.[4] *Id.* This would have satisfied the remainder of the loan, including the December payment, with the remainder of the buy-back to be paid directly to Plaintiff in the amount of $15,630.04. *Id.* Despite the buy-back initially being scheduled to close in December, VW "delayed the settlement closing from December to February." *Id.* In the interim, Plaintiff continued to submit monthly loan payments. *Id.* ¶ 2.

In January 2017, Plaintiff sought to refinance his second Home Equity Line of Credit with Bank of America. *Id.* During this process, Bank of America notified him that his credit rating had dropped from 820 to 705 because VW had reported that Plaintiff had missed loan payments. *Id.* As a result, Bank of America declined to refinance Plaintiff's loan. *Id.* ¶ 3.

Plaintiff alleges that on January 1, 2017, VW falsely reported that Plaintiff had missed his December loan payment, even though he had made the payment "with a combination of a VW Gift Card and a personal check." *Id.* ¶ 19. Plaintiff sent letters to VW informing them of their error on January 17 and 26, 2017; VW did not correct the error. *Id.* On January 13, 2017, Plaintiff's January payment was due, which he paid in full. *Id.* ¶ 20. On January 27, 2017, however, VW notified Plaintiff that his payment had not been received, and placed another negative report with the credit agencies. *Id.* Again, Plaintiff wrote a letter to VW notifying them of their error, and included a copy of the cashed check he had sent to VW; VW again failed to correct the error. *Id.* Plaintiff subsequently spoke with numerous VW representatives, none of whom were able to rectify the error. *Id.* ¶¶ 26, 27, 34. Plaintiff also filed complaints with various credit agencies, but VW refused to acknowledge its error to the agencies. *Id.* ¶¶ 28, 31.

---

[4] Plaintiff alleges that this buy-back was the result of the 2016 scandal involving VW's falsifying certain vehicle emission test results. ECF No. 11 ¶ 16.

Plaintiff initiated this suit on October 31, 2017, ECF No. 1, and subsequently amended his Complaint on January 2, 2018, ECF No. 11.[5] Plaintiff alleges that VW violated the FCRA, and is liable for defamation. VW filed a partial Motion to Dismiss the Amended Complaint on January 16, 2018, alleging that Plaintiff's defamation claim is preempted by the FCRA. ECF No. 12 at 2.

## II. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.")).

The purpose of Rule 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). When deciding a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.,* 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted).

---

[5] On December 11, 2017, VW filed a Motion to Dismiss Plaintiff's Complaint. ECF No. 7. As Plaintiff subsequently amended his Complaint, VW's initial Motion to Dismiss is denied as moot.

3

The Court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## III. DISCUSSION

VW argues that because Plaintiff does not sufficiently allege that VW acted maliciously, his defamation claim is preempted by the FCRA and should be dismissed. Section 1681h(e) of the FCRA provides that "no consumer may bring any action or proceeding in the nature of defamation . . . with respect to the reporting of information against . . . any person who furnishes information to a consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer." Thus, § 1681h(e) provides "qualified immunity from state law defamation claims to those who furnish information to a consumer reporting agency," with the exception of those who do so with "malice or willful intent to injure such consumer." *Spencer v. Hendersen-Webb, Inc*., 81 F. Supp. 2d 582, 597 (D. Md. 1999).

The FCRA does not define "malice" and "[c]ourts are split on whether state or federal law governs the meaning of 'malice' in § 1681h(e)." *Ross v. F.D.I.C.*, 625 F.3d 808, 815 (4th Cir. 2010) (recognizing split but declining to resolve because plaintiff could not succeed under either standard). This Court has previously defined "malice" in this context as requiring proof that "one of the defendants acted with reckless disregard to the truth or falsity of the reported debt." *Tucker v. Specialized Loan Servicing, LLC*, No. PWG-14-813, 2016 WL 6476286, at *11 (D. Md. Nov. 1, 2016) (quoting *Spencer v. Hendersen-Webb, Inc.*, 81 F. Supp. 2d 582, 598 (D. Md. 1999)). "Reckless disregard requires the plaintiff to show that the defendant either (1) made

the statement with a 'high degree of awareness of...probable falsity'; or (2) actually entertained serious doubts as to the truth of the statement." *Id*.

Here, Plaintiff has not sufficiently pleaded that VW acted with malice in reporting that Plaintiff had missed loan payments. While Plaintiff alleges in conclusory fashion that VW "acted with malice" in that VW "failed to consider the valid factual situation of the Plaintiff," ECF No. 11 ¶ 50, and failed to "research and fact-check their allegations prior to contacting the credit reporting agencies," *id.* ¶ 54, this is insufficient to plead malice. Plaintiff must allege that VW acted with a "high degree of awareness of . . . probable falsity" or that it "actually entertained serious doubts as to the truth of the statement" at the time that VW made the reports to the credit agencies. Here, however, in each instance, Plaintiff alleges that he informed VW of its errors <u>after</u> they had submitted reports to the credit agencies. Additionally, he alleges that when he contacted VW, their employees continued to tell him that the late payments existed, *id.* ¶ 34, which contradicts the conclusory assertion that they entertained serious doubts about the accuracy of the statements or knew them to be false when made to reporting agencies. Thus, while VW's conduct may constitute an FCRA violation, Plaintiff has not pleaded that VW acted with malice. *See also Alston v. United Collections Bureau, Inc.*, No. DKC-13-0913, 2014 WL 859013, at *11 (D. Md. March 4, 2014) (in dismissing plaintiff's defamation claim as preempted by the FCRA, reasoning that "[a] showing of malice cannot be made by proving a lack of certainty; malice requires facts indicating serious doubts as to veracity." (internal quotation omitted)).

Plaintiff relies on *Lora v. Ledo Pizza System, Inc.*, No. DKC-16-4002, 2017 WL 3189406, at *9 (D. Md. July 27, 2017), for the proposition that "a plaintiff need only plead that the defendant 'acted intentionally, willfully, recklessly, and/or maliciously.'" ECF No. 13-1 at 2.

5

In *Lora*, an employment case, the defendant-employer moved to dismiss the plaintiff's complaint, arguing in part that the plaintiff's defamation claims were barred because the employer had a "qualified privilege" which could be overcome if the plaintiff could show malice. *Lora*, 2017 WL 3189406, at *9. In denying the motion to dismiss, the *Lora* court reasoned that the plaintiff's allegation that the defendants "acted intentionally, willfully, recklessly, and/or maliciously," "albeit spare . . . constitute[s] well-pleaded allegations of malice." *Id.* (quoting *Russell v. Railey*, DKC-08-2468, 2012 WL 1190972 (D. Md. April 9, 2012)).

But *Lora* is readily distinguishable. The complaint in *Lora* contained allegations of a challenging interpersonal relationship between employer and employee. Specifically, the plaintiff-employee allegedly informed defendants on multiple occasions that wages being paid to other workers were unlawful and raised concerns about an undocumented worker "being paid outside of [defendant's] normal payroll." *Id.* at *2. In response, plaintiff was reprimanded, her payroll responsibilities were eliminated and, after more complaints from plaintiff and the other workers, plaintiff was terminated. *Id.* After termination, defendants allegedly told third parties that plaintiff was a bad manager who had been stealing from the store. *Id.* With this alleged factual backdrop of contention between the parties, it is not difficult to reach a conclusion that it was at least plausibly alleged that the false statements were made with malice. However, no such conclusion can be drawn here in this case involving a credit report that stemmed from an arms-length business transaction.

Here, Plaintiff has alleged only a "conclusory statement" that VW acted with malice, *see Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."), and has therefore failed to sufficiently plead any

6

facts to overcome the qualified privilege that VW has under the FCRA. *See Gomer v. Home Depot U.S.A., Inc.*, No. GLR-16-356, 2016 WL5791226, at *9 (D. Md. Oct. 4, 2016) (finding that plaintiff had not sufficiently pleaded malice to overcome the qualified protection against defamation claims even where plaintiff had pleaded that the defendant "knew that the[] defamatory statement . . . was false" because plaintiff "fail[ed] to allege any facts to overcome the qualified privilege . . . ."). Thus, the Court finds that Plaintiff's defamation claim, Count II, is preempted by the FCRA.

## IV.  CONCLUSION

For the foregoing reasons, VW's Partial Motion to Dismiss is granted. A separate Order shall issue.

Date: July   26 , 2018                               /s/                         
GEORGE J. HAZEL
United States District Judge