**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **ERIC STOER,** | * |
| Plaintiff, | * |
| v. | Case No.: GJH-17-3203 |
| | * |
| **VW CREDIT, INC.,** *et al.*, | * |
| Defendants. | * |

* * * * * * * * * * * * *

## MEMORANDUM OPINION

In his proposed Second Amended Complaint, Plaintiff Eric Stoer alleges negligent and willful violations of the Fair Credit Reporting Act ("FRCA"), 15 U.S.C. §§ 1681 *et seq.*, against Defendants VW Credit, Inc. and Volkswagen Group of America, Inc. ECF No. 19-1. Presently pending before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint. ECF No. 19. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiff's Motion for Leave to File Second Amended Complaint is granted.

**I.  BACKGROUND[1]**

To help his daughter purchase a car in 2013, Plaintiff entered a financing agreement with Defendants. ECF No. 19-1 ¶ 1. Plaintiff made timely payments from 2013 to December 2016. *Id.* Plaintiff had an outstanding loan balance of $14,386.69 in December 2016 when Defendants contacted him with an offer to buy back the vehicle for $30,016.73.[2] *Id.* The buy-back agreement would have satisfied the remainder of the loan, including the December payment, and put an

---

[1] Unless otherwise stated, the background facts are taken from Plaintiff's Second Amended Complaint, ECF No. 19-1, and are presumed true.
[2] Plaintiff alleges that the 2016 scandal involving VW's falsifying certain vehicle emission test results led to the buy-back agreement. ECF No. 19-1 ¶ 17.

1

additional $15,630.04 in Plaintiff's pocket. *Id.* The parties planned to close on the buy-back in December, but Defendants "delayed the settlement closing from December to February." *Id.* In the interim, Plaintiff continued to submit monthly loan payments. *Id.* ¶ 2.

In January 2017, Plaintiff sought to refinance his second Home Equity Line of Credit with Bank of America. *Id.* During this process, Bank of America notified him that his credit rating had dropped from 820 to 705 because Defendants had reported that Plaintiff had missed loan payments. *Id.* As a result, Bank of America declined to refinance Plaintiff's loan. *Id.* ¶ 3.

On January 1, 2017, Defendants falsely reported that Plaintiff had missed his December loan payment, even though he had made the payment "with a combination of a Defendants Gift Card and a personal check." *Id.* ¶ 20. Plaintiff sent letters to Defendants informing them of their error on January 17 and 26, 2017; Defendants did not correct the error. *Id.* On January 13, 2017, Plaintiff's January payment was due, which he paid in full. *Id.* ¶ 21. On January 27, 2017, however, Defendants notified Plaintiff that his payment had not been received and placed another negative report with the credit agencies. *Id.* Again, Plaintiff wrote a letter to Defendants notifying them of their error and included a copy of the cashed check he had sent to Defendants; Defendants again failed to correct the error. *Id.* Plaintiff subsequently spoke with a number of Defendants' representatives, none of whom were able to rectify the error. *Id.* ¶¶ 27, 28, 35.

Plaintiff also filed complaints with various credit reporting agencies (CRAs), but VW refused to acknowledge its error to the agencies. *Id.* ¶¶ 27, 32. For example, on March 5, 2017, Plaintiff filed an electronic complaint with TransUnion to dispute the misinformation appearing on his credit report. *Id.* ¶ 29. TransUnion then notified Defendants of the complaint, but Defendants failed to investigate. *Id.* ¶¶ 29–30. Plaintiff also filed a complaint with Credit Karma,

but Defendants did not investigate the complaint and refused to acknowledge their error to the agency. *Id.* ¶¶ 33–33.

Plaintiff initiated this action against Defendants on October 31, 2017. ECF No. 1. On January 2, 2018, Plaintiff filed his First Amended Complaint, ECF No. 11, alleging willful and/or negligent violations of the Fair Credit Reporting Act ("FRCA"), 15 U.S.C. §§ 1681 *et seq.* (Count I) and state-law defamation (Count II). Defendants filed a partial Motion to Dismiss on January 16, 2018, arguing that Plaintiff's defamation claim was preempted by the FCRA. ECF No. 12. Defendants did not move to dismiss Plaintiff's FCRA claim, noting that they intended to answer that claim once the Court ruled on the partial Motion to Dismiss. ECF No. 12-1 at 1 n. 2. The Court granted Defendants' partial Motion to Dismiss, ECF No. 16, and before Defendants filed an Answer to Plaintiff's remaining FCRA claim, Plaintiff requested leave to file a Second Amended Complaint, ECF No. 19. In substance, the Second Amended Complaint merely supplements Plaintiff's previous allegation that Defendants willfully and/or negligently violated the FCRA through failures to reasonably investigate Plaintiff's disputes to CRAs and inaccurate reporting; breaking the allegations into separate counts. ECF No. 19-2. Defendants opposed Plaintiff's Motion for Leave, ECF No. 21, despite not having previously moved to dismiss Plaintiff's FCRA allegations.

## II.  DISCUSSION

At this stage of the litigation, the parties may amend their pleadings "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts are to "freely give leave when justice so requires," *id.*, "unless the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment

would have been futile." *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008).

The Court first considers whether Defendants will be prejudiced by Plaintiff's Second Amended Complaint. Plaintiff requested leave to amend before Defendants even filed responsive pleadings to Plaintiff's § 1682s-2 FCRA allegations. Defendants now claim that Plaintiff's FCRA allegations are "insufficiently pled" and that Defendants will suffer prejudice by being "forced to incur additional fees and costs preparing yet another motion to dismiss." ECF No. 21 at 3. This argument fails, however, because Defendants chose not to move to dismiss Plaintiff's FCRA allegations when they were pled in less detail and with fewer specifics in Plaintiff's Amended Complaint. ECF No. 12-1 at 1 n. 2. Plaintiff's First Amended Complaint alleged that Defendants willfully and/or negligently violated the FCRA by failing to investigate Plaintiff's complaints after receiving notice of those complaints from various CRAs and by reporting inaccurate information to the CRAs after receiving dispute notices. ECF No. 11 ¶¶ 37–42. Plaintiff's Second Amended Complaint merely breaks these allegations into separate discussions of Defendants' liability for willful and negligent noncompliance and specifically cites to §1681s-2(b) but does not genuinely add causes of action that stray beyond the factual boundaries of Plaintiff's prior allegations. The FCRA contains two general liability provisions: 15 U.S.C. §§ 1681o & 1681n. Section 1681o holds "any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer" liable for that negligence, and section 1681n establishes liability for any person who willfully fails to comply with the FCRA. While other FCRA provisions contain details of the ways that CRAs and furnishers must comply with the act, sections 1681o and 1681n establish liability (i.e. causes of

action). Thus, Plaintiff's "three new causes of action" do not expand the claim or increase the burden on Defendants.

If Defendants now believe that Plaintiff's more detailed §1681s-2 allegations are insufficient to state an FCRA violation for willful or negligent failures to investigate, then the FCRA allegations in Plaintiff's Amended Complaint were certainly insufficient. Thus, rather than suffering prejudice, Defendants have been granted a second bite at the motion-to-dismiss apple that they apparently mistakenly failed to take advantage of previously. If anything, Plaintiff's more detailed allegations will make it easier for Defendants to defend against Plaintiff's suit. In sum, Defendants will not suffer prejudice if the Court grants Plaintiff's Motion for Leave to Amend.

Next, the Court must address whether Plaintiff moved to amend in bad faith. Given that Plaintiff requested leave to amend before Defendants even answered Plaintiff's FCRA allegations and that the Second Amended Complaint only supplements Plaintiff's previous FCRA allegations, the Court does not credit Defendants' protestations that Plaintiff acted in bad faith. As discussed, the First Amended Complaint includes an allegation that Defendants willfully and/or negligently violated the FCRA by failing to investigate complaints forwarded to them by CRAs and by reporting inaccurate information to the CRAs after receiving disputes. ECF No. 11 ¶¶ 37–45. Plaintiff also included allegations about his damages. *Id.* ¶ 24. These same allegations are repeated in more detail in Plaintiff's Second Amended Complaint and separated into different counts. Thus, the Court is not convinced that Plaintiff moved to amend in bad faith.

Finally, the Court rejects Defendants' argument that Plaintiff's amendment would be futile. "Determining whether amendment would be futile does not involve 'an evaluation of the underlying merits of the case.'" *Wonasue v. Univ. of Maryland Alumni Ass'n*, 295 F.R.D. 104,

5

107 (D. Md. 2013) (internal citation omitted). Rather, "the merits of the litigation" are relevant to a court's ruling on a motion for leave to amend only if "a proposed amendment may clearly be seen to be futile." *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir.1980). Thus, "[l]eave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir.1986).

For Plaintiff's allegation that Defendants failed to comply with the FCRA's investigation requirement to survive a motion to dismiss, Plaintiff must allege (1) that he notified a CRA of the disputed information, (2) that the CRA notified the Defendant-furnishers of the dispute, and (3) that the Defendant-furnishers then willfully and/or negligently failed to reasonably investigate and modify the inaccurate information. *Johnson v. MBNA Am Bank, NA*, 357 F.3d 426, 430–31 (4th Cir. 2004). As the Fourth Circuit has explained, "'investigation,' is defined as '[a] detailed inquiry or systematic examination.'" *Johnson*, 357 F.3d at 430 (quoting Am. Heritage Dictionary 920 (4th ed. 2000)). Furnishers cannot meet their FRCA obligations by conducting "superficial, *un*reasonable inquiries." *Id.* at 430–31 (emphasis in original). Plaintiff alleges that Defendants are furnishers, that he complained to various CRAs, that the CRAs reported his complaints to Defendants, and that Defendants took no action to investigate or correct their mistakes. *See e.g.*, ECF No. 19-2 ¶¶ 13, 38–45. Thus, Plaintiff's allegation that Defendants violated the FCRA by negligently failing to investigate Plaintiff's complaint is not futile.

"Willfulness" under the FCRA includes "not only knowing violations of [the statute], but reckless ones as well." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007). "A reckless action includes conduct that violates an objective standard: action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Wood v. Credit One Bank*, 277

F. Supp. 3d 821, 846 (E.D. Va. 2017) (quoting *Safeco*, 551 U.S. at 68). Although this Court previously dismissed Plaintiff's defamation claim as preempted by the FCRA because Plaintiff failed to plead that the Defendants acted with "malice or willful intent" to injure Plaintiff by reporting false information to the CRAs, that finding does not bear on the question of whether Defendants acted willfully in failing to reinvestigate Plaintiff's complaints. Instead, that determination was based on Defendants' initial reporting, not their continued reporting of misinformation after they received Plaintiff's CRA disputes. The Second Amended Complaint includes facts suggesting that Defendants acted recklessly rather than just negligently in failing to correct information on Plaintiff's credit reporting through a reasonable investigation because although Defendants had cashed Plaintiff's check and accepted his payment, they still allegedly failed to act to correct the false information. ECF No. 19-2 ¶ 45. Thus, Plaintiff's allegation that Defendants willfully violated the FCRA is not futile.

Because Plaintiff's Second Amended Complaint merely supplements Plaintiff's previous FCRA allegation with related causes of action and provides sufficient factual averments, the Court will permit Plaintiff leave to amend.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File Second Amended Complaint is granted. A separate Order shall issue.

Date: <u>February 8, 2019</u>   <u>      /s/      </u>
GEORGE J. HAZEL
United States District Judge